Zhang v. Lynch

BIA
Vomacka, IJ
A099 895 703

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand sixteen.

PRESENT:
    DENNIS JACOBS,
    PETER W. HALL,
    DENNY CHIN,
        *Circuit Judges.*

_____

XUE JIE ZHANG,
        *Petitioner,*

    v.                                    15-351
                                          NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Gerald Karikari, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General;
                         Jennifer P. Williams, Senior
                         Litigation Counsel; Raya Jarawan,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xue Jie Zhang, a native and citizen of China, seeks review of a January 9, 2015, decision of the BIA affirming a December 6, 2012, decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Jie Zhang,* No. A099 895 703 (B.I.A. Jan. 9, 2015), *aff'g* No. A099 895 703 (Immig. Ct. N.Y. City Dec. 6, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Zhang does not challenge the agency's denial of his asylum application as untimely, *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998), and we generally lack jurisdiction to review that finding, 8 U.S.C. §§ 1158(a)(2), 1252(a)(2)(D) (agency's finding that asylum application was filed more than one year after arrival is not subject to review except as to constitutional claims and questions of law). Because the BIA did not reach the IJ's conclusion that Zhang failed to meet his burden to demonstrate a likelihood of future harm, our review

is further limited to the adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005) (holding that where the BIA affirms in only some respects, we review the IJ's decision as modified by the BIA's decision). As discussed below, the agency's adverse credibility determination is dispositive of both withholding of removal and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). We review credibility determinations under a substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008).

Under the REAL ID Act of 2005, the agency may, in light of "the totality of the circumstances," base an adverse credibility determination on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 165. Under the "substantial evidence" standard of review, we "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder

3

could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The IJ's decision makes sufficiently clear that it was deciding the credibility of Zhang's testimony. The IJ stated that Zhang's "credibility overall is affected by the explanation he has given for the lack of agreement between his testimony of attending Church of Grace since February 2009 and the letter issued by the church." He further found that "there were issues raised concerning the respondent's credibility in general from" Zhang's two visa applications. He observed that Zhang's was a case in which the lack of corroboration "raises issues about credibility"--although credibility and corroboration are often treated as distinct, here they were intertwined. *Diallo*, 232 F.3d at 290 (in making a credibility determination, "the presence of corroborating evidence may be relevant").

At bottom, the IJ doubted that Zhang is a practicing Christian. That finding rests on substantial evidence. Although Zhang testified that he began attending the Church of Grace in February 2009, his only documentary evidence of attendance was a letter stating that, according to the registration book, Zhang started attending services on October

4

31, 2010. When asked about the period between February 2009 and October 2010, Zhang explained that he did not write his name in the attendance book until October 2010 because he did not know he needed to "put down" his name. The IJ was not compelled to credit this explanation. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (explaining that the agency is not required to credit an explanation that is merely plausible or possible). Moreover, the IJ reasonably deemed the timing to be suspicious: Zhang had submitted his asylum application in June 2010, months before he began documenting his attendance.

Other aspects of Zhang's testimony cast doubt on his practice of Christianity. Zhang testified that while living in Roanoke, Virginia for two years, he commuted to the Church of Grace in New York for services "once a week" or sometimes "once every two or three weeks." When asked why he did not attend services in Roanoke, Zhang responded that his employer told him there were no Chinese churches nearby. The IJ reasonably rejected this explanation as implausible. *Majidi*, 430 F.3d at 80. "The point at which a finding that testimony is implausible ceases to be sustainable as reasonable and, instead, is justifiably labeled 'speculation,' in the absence of an IJ's adequate explanation, cannot be located with

precision," but we uphold a finding unless we are "left with the definite and firm conviction that a mistake has been committed." *Ming Xia Chen v. BIA*, 435 F.3d 141, 145 (2d Cir. 2006) (internal citation and quotation marks omitted). Here, the IJ's question was grounded in common sense: why would a devout Christian travel from Roanoke to New York for services simply because it was "familiar" to him? The IJ justifiably found that even if one credited the explanation, it undercut Zhang's credibility further: as the IJ observed, Zhang had no documentary evidence, in the form of bus tickets and the like, to corroborate this explanation. "[T]he absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Zhang's witness list did not fill that gap. He called none of his 1,000 fellow parishioners from Church of Grace to testify; he explained that "some of them do not have legal status"; but the explanation was partial at best, and the IJ was not compelled to accept it. The agency also reasonably found that Zhang's credibility was not rehabilitated by his uncle's testimony that he went to church with Zhang "once,"

6

especially since Zhang had asked him to go in order "to be his witness."

Zhang's credibility was further undermined by the existence of two earlier visa applications, which suggested that he had been trying to leave China before he ever converted to Christianity. Zhang denied knowledge of both applications. On direct examination, Zhang testified that he decided to leave China because his underground church was raided by the police. On cross-examination, he denied having previously sought immigration status in the United States. When the Government presented an alien relative visa application submitted on his behalf by a third party (identified as his father), Zhang said he had never heard of the visa petitioner. Zhang later confirmed that his mother had remarried, but said that he met his stepfather once, knew him only by the name "Asen," and did not know where he came from. The Government presented evidence that Zhang had been denied a student visa based on "suspected fraud," and that his record had a "hit" for possible marriage fraud.

Given the inconsistencies and implausibilities that cast doubt on Zhang's claim to be a practicing Christian, as well as discrepancies in applications, which call into question his

reasons for leaving China, the totality of the circumstances supports the adverse credibility determination. *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). Because his applications for withholding of removal and CAT relief were based on the same factual predicate (his Christianity), the adverse credibility determination is dispositive of both. *Paul*, 444 F.3d at 156-57.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8